1

```
 1              UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF TEXAS
 2                    LUFKIN DIVISION

 3   UNITED STATES OF AMERICA  |  DOCKET 9:14CR9
                               |
 4                             |  OCTOBER 7, 2014
     VS.                       |
 5                             |  1:37 P.M.
                               |
 6   CROCKETT JACOB RODDAM      |  BEAUMONT, TEXAS

 7   ----------------------------------------------------------

 8           VOLUME 1 OF 1, PAGES 1 THROUGH 22

 9      REPORTER'S TRANSCRIPT OF CHANGE OF PLEA HEARING

10         BEFORE THE HONORABLE KEITH F. GIBLIN
              UNITED STATES MAGISTRATE JUDGE
11
     ----------------------------------------------------------
12

13
     APPEARANCES:
14
     FOR THE GOVERNMENT:     LAUREN E. GASTON
15                           U.S. ATTORNEY'S OFFICE - LUFKIN
                             415 SOUTH FIRST STREET, SUITE 201
16                           LUFKIN, TEXAS   75901

17
     FOR THE DEFENDANT:      GARY R. BONNEAUX
18                           FEDERAL DEFENDER'S OFFICE
                             350 MAGNOLIA AVENUE
19                           SUITE 117
                             BEAUMONT, TEXAS   77701
20

21   COURT REPORTER:         CHRISTINA L. BICKHAM, CRR, RMR
                             FEDERAL OFFICIAL REPORTER
22                           300 WILLOW, SUITE 221
                             BEAUMONT, TEXAS   77701
23

24
          PROCEEDINGS RECORDED USING DIGITAL RECORDING;
25      TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
```

1          (OPEN COURT, DEFENDANT PRESENT.)

2          THE COURT:  Okay.  We'll call the matter of

3  *United States of America versus Crockett Jacob Roddam,*

4  Cause Number 9:14cr9.

5          Mr. Roddam, could you raise your right hand

6  for me, please, the best that you can?

7          (The oath is administered to the defendant.)

8          THE COURT:  Thank you, Mr. Roddam.

9          Mr. Roddam, I'm United States Magistrate Judge

10  Keith Giblin.  I don't know if we've met before.  You're

11  here today.  It's my understanding that you intend to

12  plead guilty to Count 1 of an Indictment that's pending

13  in this case.  Your case is assigned to United States

14  District Judge Ron Clark.  He's the district judge in

15  your case.  He's referred this case to me.  He's asked

16  for me to hear your guilty plea and to determine whether

17  or not it's freely and voluntarily made.

18          If I determine that it is, what I do is I send

19  him what's called a "report and recommendation."  He'll

20  look at the report and recommendation.  He'll look at

21  your presentence report.  And if he decides to accept

22  your guilty plea -- or your Plea Agreement, he'll accept

23  it; and you would appear before him to be sentenced, not

24  before me.

25          So, although he's referred this case to me and

1  he's asked for me to hear your guilty plea, I can't do it

2  unless I have your consent because you have a right to

3  plead guilty in front of the judge that's going to

4  sentence you, which is going to be Judge Clark; or you

5  can give up that right and allow me to hear your guilty

6  plea on Judge Clark's behalf. Do you give up your right

7  to appear before Judge Clark and agree to plead guilty in

8  front of me in this case?

9          THE DEFENDANT: Yes, sir.

10          THE COURT: Okay. Mr. Roddam, what I have

11  here is I have a consent form. It says I have advised

12  you of all of your rights, including your right to appear

13  before Judge Clark and enter a plea of guilty, but you

14  are going to waive that right and agree to plead guilty

15  in front of me. Okay?

16          THE DEFENDANT: Yes, sir.

17          THE COURT: Thank you, Mr. Roddam. We'll get

18  that filed in the record, and we'll begin with your

19  guilty plea.

20          Mr. Roddam, can you tell me your full name,

21  please, sir?

22          THE DEFENDANT: Crockett Jacob Roddam.

23          THE COURT: And, Mr. Roddam, how old are you?

24          THE DEFENDANT: 25.

25          THE COURT: And how far did you go in school?

1        THE DEFENDANT:  I graduated high school.

2        THE COURT:  Okay.  It is my understanding that

3 you intend to plead guilty to Count 1 of an Indictment

4 that is pending here in the Eastern District of Texas.

5 Before I hear your plea of guilty, I have to determine --

6 I must inform you of certain rights that you have under

7 the law; and I have to determine that you understand the

8 consequences of your guilty plea.

9        Your answers will be under oath, on the

10 record, and in the presence of your attorney.  The

11 questions I'm going to ask you concern the charges

12 against you.  At any time during this hearing if you need

13 further explanation about any part of these proceedings

14 or if you have a question, I want you to stop me and ask

15 me; or I'll give you whatever time you need to visit with

16 your attorney.  Okay?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  Okay.  I need to remind you that

19 you are now under oath; and if you answer any of my

20 questions falsely, your answers may be used later on

21 against you in another prosecution for perjury or making

22 a false statement.  Do you understand that?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Have you discussed with your

25 attorney the facts of this case, the charges pending

1  against you, and any possible defenses that you might

2  have?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Are you satisfied that your

5  attorney has fully considered all of these factors?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Are you fully satisfied with the

8  representation and the advice that he has given to you so

9  far in this case?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  At any time during this hearing if

12  you change your mind and you decide you want to plead not

13  guilty instead of pleading guilty, you let me know; and

14  I'll allow you to plead not guilty.  Okay?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Have you received a copy of the

17  Indictment that is pending against you?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And have you had a chance to read

20  it and go through it and visit with your attorney?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Let's take a look at Count 1 of

23  the Indictment.  I'll through this very shortly -- I'll

24  go through it very quickly.  It alleges a violation of

25  Title 18 United States Code, Section 2422(b), which is

1   coercing and enticing.  It alleges that "On or about and

2   between December, 2013, and May the 5th of 2014, in the

3   Eastern District of Texas and elsewhere, that you did use

4   any facility of interstate and foreign commerce, the

5   Internet, a social media application known as Kik

6   Messenger, and a cell phone, to knowingly persuade,

7   induce, entice and coerce any individual who had not yet

8   attained the age of 18 years, namely: C.B., to engage in

9   any sexual activity for which any person could be charged

10  with an offense."

11           It says, "Texas state law prohibits any person

12  from performing sexual intercourse or deviate sexual

13  conduct with a child under the age of 14 years of age."

14  And that is Texas Penal Code, Section 22.021.

15           And all of that is in violation of Title 18

16  United States Code, Section 2422(b).

17           Do you understand completely what you're

18  charged with there in Count 1?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  So that you will fully understand

21  the nature of the charges against you, what I'm going to

22  do is explain the elements that the government would have

23  to prove beyond a reasonable doubt at trial to a jury

24  before you could be convicted in this case.  They would

25  have to prove that:

7

1      Number 1, you knowingly used a facility or a
2  means of interstate commerce to persuade, induce, entice,
3  or coerce an individual under the age of 18 to engage in
4  sexual activity;

5      Number 2, that you believed such individual
6  was less than 18 years of age; and

7      Number 3, that you could have been charged
8  with a criminal offense for engaging in the specified
9  sexual activity.

10      Do you understand that the government would
11  have to prove each and every one of those elements beyond
12  a reasonable doubt to a jury before you could be
13  convicted of this case?

14      THE DEFENDANT:  Yes, sir.

15      THE COURT:  Now, I just went through the
16  charge with you; and I just went through the elements.
17  Do you need any further explanation about the charge in
18  Count 1 by me or by your attorney?

19      THE DEFENDANT:  No, sir.

20      THE COURT:  Okay.  We need to talk about your
21  potential punishment in this case if you are convicted.
22  In federal court if you are convicted of a crime, you can
23  be sent to prison, have to pay a fine, have to pay a
24  special assessment of $100.  You would also have to serve
25  a term of what's called "supervised release."  And do you

1  remember it's like probation when you get out of prison?

2  There would be conditions that you have to live under.

3  And if you violate those conditions, you can be brought

4  back into court; and if the judge determines you violated

5  your supervised release conditions, you could be sent

6  back to prison a second time.  That's what supervised

7  release is.  Do you understand what it is and that it's a

8  part of your punishment?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  If you are convicted in this case,

11 you could be sent to prison for not less than ten years

12 but not more than life.  There would be a fine of not

13 more than $250,000.  There would be a term of supervised

14 release of not less than five years but not more than

15 life on supervised release, and there would be a special

16 assessment of $100.

17           Do you understand the punishment in this case?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  Okay.  Do you understand that if

20 it applies in this case, the court may order you to make

21 restitution to any victim of this offense?  Do you

22 understand that?

23           THE DEFENDANT:  Yes.

24           THE COURT:  And also if it applies, the court

25 may order you to forfeit certain property to the

1  government.  Do you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Now, the United States Sentencing

4  Commission has issued advisory guidelines for judges like

5  Judge Clark to follow in determining the sentence in a

6  criminal case.  Judge Clark can use those guidelines if

7  he wants to to come up with what he feels is an

8  appropriate sentence.  Have you and your attorney talked

9  about how the sentencing commission guidelines might

10 apply to your case?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Do you understand that any

13 prediction that you got about what the guidelines might

14 be, from Mr. Bonneaux or from the prosecutor or from the

15 probation officer or from anyone, is a prediction and is

16 not a promise; and it's not binding on Judge Clark?  Do

17 you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you understand that Judge Clark

20 won't even be able to determine the guideline range of

21 your case until after a presentence report has been

22 prepared by the Probation Department; you and your

23 attorney have had a chance to sit down and look at that

24 report, go through it, make any objections that you want

25 to to the facts and to the calculations reported by the

1  Probation Department and have Judge Clark rule on those

2  objections?  That will be the first time that we'll know

3  what the guideline range is in your case.  Do you

4  understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you understand that the

7  sentence imposed upon you may be completely different

8  from any estimate that your attorney or anyone else has

9  given you?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you understand that after Judge

12  Clark -- after it is determined what guideline range

13  applies in the case, that Judge Clark has the authority

14  to impose a sentence that is more severe or less severe

15  than the sentence called for by the guidelines?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Do you understand that under some

18  circumstances, you or the government may have the right

19  to appeal any sentence he imposes?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Do you understand that parole has

22  been abolished; and if you are sentenced to prison, you

23  will not be released early on parole?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you understand that if this

1  sentence is more severe than you expected, you will still

2  be bound by your guilty plea; and you will have no right

3  to withdraw your guilty plea?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Do you understand that the offense

6  that you are pleading guilty to is a felony offense and

7  if your plea is accepted, you will be adjudged guilty of

8  that offense; and that adjudication may deprive you of

9  valuable civil rights such as the right to vote, the

10  right to hold public office, the right to serve on a

11  jury, the right to possess any kind of firearm, and also

12  the right to receive federal benefits?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  Do you completely understand the

15  possible sentence which could be imposed upon you by the

16  court if you plead guilty?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Are you pleading guilty

19  voluntarily?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Did anyone force you to plead

22  guilty?

23           THE DEFENDANT:  No.

24           THE COURT:  Has anyone threatened you or tried

25  to coerce you to get you to plead guilty?

12

1    THE DEFENDANT:  No.

2    THE COURT:  Is your decision to plead guilty

3 based on discussions that you've had with your attorney

4 and that he's had with the government's attorney?

5    THE DEFENDANT:  Yes.

6    THE COURT:  Have you ever been treated for any

7 type of mental illness in the past?

8    THE DEFENDANT:  No.

9    THE COURT:  Have you ever been treated for an

10 addiction to narcotic drugs of any kind?

11   THE DEFENDANT:  No.

12   THE COURT:  Are you currently under the

13 influence of any drug, medication, or alcoholic beverage

14 of any kind?

15   THE DEFENDANT:  No, sir.

16   THE COURT:  Does counsel for the government

17 and counsel for Mr. Roddam have any doubt as to his

18 competence to plead guilty at this time?

19   MS. GASTON:  No, sir.

20   MR. BONNEAUX:  I have no doubt, your Honor.

21   THE COURT:  Mr. Roddam, you have a right to

22 plead not guilty to any offense that is charged against

23 you and to persist in that not-guilty plea; and if you

24 plead not guilty, you will have a right to a trial by

25 jury, have a right to assistance of counsel for your

13

1  defense.  You have a right to see and hear all of the

2  witnesses and have them cross-examined by your attorney

3  in your defense.  You would have a right on your own part

4  to testify or to decline to testify if you so choose.

5  You would have a right to issue subpoenas or compulsory

6  process and compel the production of evidence and the

7  attendance of witnesses on your own behalf.  You would

8  also have the right to a speedy and to a public trial.

9  Do you understand if you pled not guilty and you went to

10 trial, you would have all of those rights?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand if Judge Clark

13 accepts your plea of guilty, there will be no trial; so,

14 by pleading guilty, you give up your right to a trial?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Now, there's been a Plea Agreement

17 that's been filed in the case and I reviewed it in

18 chambers and that Plea Agreement is 11 -- well, 10 pages

19 long.  Mr. Roddam, did you read the entire Plea

20 Agreement?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Did you go through it with your

23 attorney and ask him any questions you wanted to?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Did you understand everything in

14

1 the Plea Agreement?

2          THE DEFENDANT:  Yes.

3          THE COURT:  And do you agree with all of the

4 terms of the Plea Agreement?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And did you sign the Plea

7 Agreement?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Did you understand it and agree

10 with it when you signed it?

11          THE DEFENDANT:  Yes.

12          THE COURT:  I'm going to summarize it for you

13 and you'll want you to follow along with me and let's

14 make sure we're on the same page.

15          In paragraph 1 it says you understand you have

16 all of those rights that are A through E.

17          Paragraph 2 says you waive those rights and

18 you agree to plead guilty to Count 1, which is coercion

19 and enticement of a minor, and that you understand the

20 nature and the elements of the crime that is set forth

21 there.

22          In paragraph 3 it talks about the possible

23 sentence.  It's imprisonment for not less than 10 years

24 but not more than life; a fine of not more than $250,000;

25 a term of supervised release of not less than 5 years but

1  not more than life; and a special assessment of $100 with

2  forfeiture, restitution, and costs.

3       Paragraph 4 talks about the sentencing

4  guidelines.  They are not binding on the court but

5  advisory only.  You've reviewed the guidelines with your

6  counsel, but you understand no one can predict with

7  certainty what those guidelines are going to be at this

8  point in time.  And you will not be allowed to withdraw

9  your guilty plea if the sentence is higher than you

10  expected so long as it is within that statutory maximum

11  we talked about there in Paragraph 3.

12       In Paragraph 5 it sets forth some guideline

13  stipulations but also says the parties understand the

14  court is not bound by these stipulations.

15       In Paragraph 6 it talks about if you've been

16  convicted in this case, that you have to comply with the

17  Sex Offender Registration and Notification Act; and it

18  sets forth those requirements there.

19       In Paragraph 7 it says that you understand

20  that restitution may be ordered by this court and that

21  you agree to pay restitution.

22       Paragraph 8 talks about forfeiture, that you

23  agree to forfeit certain property to the government

24  that's set forth there, some computer equipment, and do

25  everything that you can possibly do to make sure that

1    they get right, title, and interest in that property.

2              Paragraph 9, it says you agree to give

3    truthful and complete information concerning your

4    participation in this offense.

5              Paragraph 10 says that the U.S. Attorney's

6    Office for the Eastern District of Texas agrees not to

7    prosecute you for any additional non-tax-related charges.

8              Paragraph 11 sets forth what happens if this

9    Plea Agreement is vacated or withdrawn and the government

10   is free from its obligations under the Plea Agreement.

11             And, finally -- well, Paragraph 12 says this

12   plea of guilty is freely and voluntarily made and is not

13   the result of force, threats, or promises other than the

14   promises set forth there in the Plea Agreement.

15             That's Paragraphs 1 through 12.  Do you

16   understand and agree with each and every one of those

17   paragraphs?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Let's look at Paragraph 13.

20   Paragraph 13 says you give up your right to appeal your

21   conviction and sentence in this case except in two

22   circumstances.  You can appeal any punishment imposed in

23   excess of the statutory maximum, and you can assert a

24   claim of ineffective assistance of counsel that affects

25   the validity of the waiver or the plea itself.  Do you

1  understand and agree with that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  In Paragraph 14 you waive your

4  right to any records in this case.

5          Paragraph 15 says that you have thoroughly

6  reviewed all legal and factual aspects of this case with

7  your attorney and you are satisfied with his

8  representation and after conferring with him, you figure

9  it is in your best interest to plead guilty in this case

10 rather than going to trial.  Do you understand and agree

11 with Paragraphs 14 and 15?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Paragraph 16 says this Plea

14 Agreement is only binding on the U.S. Attorney's Office

15 for the Eastern District of Texas and doesn't bind any

16 other federal, state, or local prosecuting authority.

17          And Paragraph 17 says this is the whole Plea

18 Agreement, there are no other Plea Agreements out there,

19 each and every promise between you and the government is

20 contained in this one document.

21          Do you understand and agree with those

22 paragraphs?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Now, I've just summarized the Plea

25 Agreement for you.  Did you understand my summary?

1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  And do you agree with my summary?

3       THE DEFENDANT:  Yes, sir.

4       THE COURT:  Do you still understand and accept

5  each and every term of that Plea Agreement?

6       THE DEFENDANT:  Yes, sir.

7       THE COURT:  Are there any outside promises out

8  there that I need to know about that are not in this Plea

9  Agreement?

10       THE DEFENDANT:  No, sir.

11       THE COURT:  We'll admit the Plea Agreement on

12  the record in this case.  And what will happen,

13  Mr. Roddam, is that Judge Clark will put off his decision

14  to accept or reject this Plea Agreement until he's looked

15  at your presentence report.  If for whatever reason he

16  looks at your presentence report and he doesn't like this

17  Plea Agreement, he can reject it.

18       If he rejects it, you will be notified; and

19  you will have the opportunity to withdraw your guilty

20  plea.  But if that happens, he rejects it and you

21  withdraw your guilty plea, and you still want to plead

22  guilty, do you understand that the disposition of your

23  case may be less favorable to you than that which you've

24  gotten under this Plea Agreement?  Do you understand

25  that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  There's been a Factual Basis

3  that's been filed, and I reviewed the Factual Basis while

4  ago.  Let's take a look at it.

5          The Factual Basis is four pages long -- or

6  five pages long.  Did you read the entire Factual Basis?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And did you understand everything

9  in it?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  All of the facts in there are true

12  and correct?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And did you sign the Factual Basis

15  and Stipulation?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And did you understand it and

18  agree with it when you signed it?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you acknowledge and agree that

21  the facts set forth there in that Factual Basis and

22  Stipulation constitute proof that you committed the

23  offense set forth there in Count 1 of the Indictment in

24  every respect?

25          THE DEFENDANT:  Yes, sir.

1      THE COURT:  We'll admit the Factual Basis and

2  Stipulation also into the record under seal.

3      I don't know if there are any state cases out

4  there.  But do you understand that if there are, that

5  Judge Clark has the authority to impose the sentence in a

6  federal case consecutively; that means stacked on top of

7  the sentence in the state case?  Do you understand that?

8      THE DEFENDANT:  Yes.

9      THE COURT:  Mr. Bonneaux, has Mr. Roddam been

10  competent and able to cooperate with you?

11      MR. BONNEAUX:  Yes, your Honor.

12      THE COURT:  And do you join in his decision to

13  plead guilty?

14      MR. BONNEAUX:  Yes, your Honor.

15      THE COURT:  Mr. Roddam, are you entering your

16  plea of guilty freely and knowingly and voluntarily and

17  with the advice of your counsel?

18      THE DEFENDANT:  Yes, sir.

19      THE COURT:  Are you pleading guilty because

20  you are guilty?

21      THE DEFENDANT:  Yes.

22      THE COURT:  How do you now plead to the charge

23  contained in Count 1 of the Indictment?  Guilty or not

24  guilty?

25      THE DEFENDANT:  Guilty.

1    THE COURT:  What I'll do in the case of *United*

2  *States of America versus Crockett Jacob Roddam*, I'll do a

3  report and recommendation that Mr. Roddam was fully

4  competent and capable of entering an informed plea and

5  that his plea of guilty was knowingly made and

6  voluntarily made and supported by an independent basis in

7  fact which contains each of the essential elements of the

8  offense.

9    Mr. Roddam, what will happen now is a written

10  presentence report will be prepared by the Probation

11  Department to assist Judge Clark at sentencing.  You'll

12  be asked to give information for that report, and your

13  attorney can be present if you wish.  Once the report has

14  been generated, you'll have the opportunity to sit down

15  with your attorney and make any objections that you want

16  to the facts and to the calculations reported by the

17  Probation Department.

18    You and your attorney are ordered to read and

19  review the presentence report and to make any objections

20  that you feel are necessary before the date of the

21  sentencing hearing.  Once Judge Clark receives the

22  presentence report and looks at your Plea Agreement, if

23  he accepts your Plea Agreement, he'll set your case for

24  sentencing.  You'll be allowed to appear before him and

25  make any statement that you want to in mitigation of your

22

1  potential punishment.

2         Mr. Roddam, I think that's all I need to do in

3  your case.  In the meantime what I'll do is I'll remand

4  you back to the custody of the Marshal Service and direct

5  that they return you to Judge Clark's courtroom at the

6  date and time that your sentencing is set.  I wish you

7  the best of luck in the future.  Okay?

8         THE DEFENDANT:  Thank you.

9         THE COURT:  Thank you, sir.  We'll be in

10  recess.

11         (Proceedings concluded, 1:56 p.m.)

12  COURT REPORTER'S CERTIFICATION

13         I, court approved transcriber, hereby certify

14  on this date, September 15, 2014, that the foregoing is a

15  correct transcript from the official electronic sound

16  recording of the proceedings in the above-entitled

17  matter.

18         *Christina Bickham*
    CHRISTINA L. BICKHAM,    CRR,    RMR

20

21

22

23

24

25